# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DEMEITRA LASHA SMITH**                                                             **PLAINTIFF**

V.                           **CASE NO. 4:18-CV-00378 SWW-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration[1]**                    **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.  Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.  Introduction:**

Plaintiff, Demeitra Lasha Smith ("Smith"), applied for disability benefits on July 16, 2014, alleging disability beginning on February 28, 2009.[2] (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 21). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] At the hearing, Smith withdrew her application for Title II benefits, because her eligibility expired in 2010. (Tr. at 11). Accordingly, the ALJ only considered her Title XVI application. *Id.*

Commissioner, and Smith has requested judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

### III. The Commissioner's Decision:

The ALJ found that Smith had not engaged in substantial gainful activity since July 16, 2014, the date the application for Title XVI benefits was filed. (Tr. at 13). The ALJ found, at Step Two of the sequential five-step analysis, that Smith had the following severe impairments: left eye blindness, glaucoma in the right eye, obesity, cardiomegaly/chronic heart failure ("CHF"), hypertension, and diabetes mellitus. *Id*.

At Step Three, the ALJ determined that Smith's impairments did not meet or equal a listed impairment. (Tr. at 14). Before proceeding to Step Four, the ALJ determined that Smith had the residual functional capacity ("RFC") to perform sedentary work with restrictions: (1) she requires a sit/stand option that involves standing or walking in intervals of 10 minutes and sitting in intervals of 60 to 120 minutes; (2) she can perform work that only requires monocular vision, but she should avoid work that requires depth perception and or full peripheral vision; and (3) she should avoid exposure to hazards such as moving mechanical parts of equipment, tools, or machinery, as well as electrical shock and unprotected heights. *Id*.

The ALJ found that Smith was unable to perform any past relevant work. (Tr. at 19). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Smith's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as surveillance system monitor and inspector. (Tr. at 20). Therefore, the ALJ found that Smith was not disabled. *Id*.

## IV. Discussion:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

### B. Smith's Arguments on Appeal

Smith argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ did not properly consider all of her impairments, the ALJ did not fully analyze her subjective complaints, and the RFC for sedentary work exceeded her abilities.

In her application for benefits, Smith alleged epilepsy, blindness in one eye and glaucoma in the other, high blood pressure, and diabetes. (Tr. at 109). She also complained of heart problems, anemia, fatigue, and swelling in her legs. (Tr. at 15-16). Smith was 40 years old on the day she applied for benefits. (Tr. at 16, 19). She is 5'3", weighs about 300 pounds, and has a BMI over 50. *Id*. She says she does not exercise. (Tr. at 51).

When Smith takes her medications, including eye drops, they are effective. (Tr. at 42-62). She has not required aggressive treatment or heart surgery. (Tr. at 61). Her last seizure was in

2008. (Tr. at 42). She did not seek regular treatment for heart problems. She takes nitroglycerin as needed about once a month. (Tr. at 56-57). The only side effect from her medication is occasional sleepiness. (Tr. at 57).

Smith says she can do activities of daily living like inside chores, visiting with friends, shopping in stores, and going to church. (Tr. at 53-56, 246-250). She does say that chores take a little longer than they used to. (Tr. at 60). But Smith says that she loves to cook and spends 3-4 hours fixing meals, which undermines her allegations of disabling conditions. (Tr. at 54-55, 247). *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Smith also told the ALJ that she spends her days asleep on the couch or watching movies. (Tr. at 55-62).

Smith contends that the ALJ did not consider her impairments in combination. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). The ALJ thoroughly discussed all of Smith's impairments, including those not alleged on her application. Smith did not regularly seek treatment, she responded well to medication, she did not do anything to lose weight (which compounded her conditions), and she was able to perform daily activities. While Smith also contends that the ALJ did not properly consider her obesity, he observed her weight and BMI in his opinion and followed the regulations requiring that he address obesity's effect on her other impairments. (Tr. at 16).

As for Smith's subjective complaints, or as Smith's attorney frames it, her "credibility," the ALJ properly found that those complaints were not entirely consistent with the evidence of record. Smith asserts error by the ALJ because he did not mention the *Polaski v. Heckler* case in his decision. However, Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). The ALJ **did** specifically reference SSR 16-3p. He discussed Smith's pain levels, the side effect from medications of drowsiness, and Smith's ability to perform daily activities. (Tr. at 15-18). He also referenced mild objective findings and discussed the medical opinions. *Id*. The one doctor who opined that Smith could not even perform sedentary work only saw Smith one time (Tr. at 1013-1014), expressly for the purpose of developing evidence for her case. (Tr. at 18). The ALJ considered that doctor's opinion but declined to give it controlling weight, for good reason. The opinion of a consulting physician who examines a claimant once or not at all is not entitled to special weight. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). Furthermore, the state-agency reviewing physicians found that Smith was capable of medium work, and the ALJ gave these opinions some weight. (Tr. at 18, 91, 119). Clearly, he did

5

credit some of Smith's subjective complaints since he assigned a sedentary RFC, rather than a medium RFC.

Finally, for the reasons enumerated above, the Court finds that the RFC properly incorporated Smith's limitations. The record as a whole, including Smith's own testimony, does not indicate that she was disabled, or that the ALJ erred at any point in his evaluation of the application for benefits.

## V.  **Conclusion**:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered Smith's impairment, he fulfilled his duty with respect to Smith's subjective complaints, and the RFC incorporated all of Smith's limitations. The finding that Smith was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 11th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE